IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL R. YEALEY,

                Plaintiff,

v.                                               OPINION & ORDER

EDWARD WALL,[1] RENE ANDERSON, JEFF PUGH,       16-cv-63-jdp
and N.P. BENTLEY,

                Defendants.

---

Plaintiff Michael R. Yealey, a state of Wisconsin prisoner currently housed at the Oshkosh Correctional Institution, has filed this proposed lawsuit regarding events that took place while he was housed at the Stanley Correctional Institution. Plaintiff alleges that prison officials violated his Eighth Amendment right against cruel and unusual punishment by giving him medication that was contraindicated for a person with liver problems.

Plaintiff has paid an initial partial payment of the filing fee for this lawsuit, as previously directed by the court. The next step in this case is to screen plaintiff's complaint. In doing so, I must dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Because plaintiff is a pro se litigant, I must read his allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam).

After reviewing plaintiff's complaint with these principles in mind, I conclude that it must be dismissed for failure to satisfy the pleading standards of Federal Rule of Civil

---

[1] I have amended the caption to reflect the correct spelling of defendant Wall's name.

Procedure 8. At this point, plaintiff's allegations support only state law medical negligence claims. I will give plaintiff an opportunity to amend his complaint to explain why he thinks defendants have violated the Eighth Amendment.

## ALLEGATIONS OF FACT

In August 2013, plaintiff was housed at the Stanley Correctional Institution. Plaintiff injured his back when he "jumped up too fast and . . . felt something popped in [his] back." Dkt. 1, at 4. Defendant Nurse Rene Anderson gave plaintiff muscle rub and an ice bag. The next day, defendant Nurse Practitioner Bentley prescribed plaintiff a muscle relaxant called cyclobenzaprine. However, plaintiff has hepatitis C and cirrhosis of the liver. The instructions for cyclobenzaprine "precaution[s] anyone with liver disease from taking" it. *Id*. Plaintiff believes that defendant Bentley should have known about the risk of harm to him.

After taking the cyclobenzaprine, plaintiff fell into a "coma like" state, was taken to the hospital, and had a feeding tube inserted. Medical records attached to the complaint show that plaintiff recovered and returned to the prison after a few days.

## ANALYSIS

Plaintiff contends that each of the named defendants has violated his Eighth Amendment right against cruel and unusual punishment. The Eighth Amendment prohibits prison officials from acting with deliberate indifference toward prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). A "serious medical need" may be a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579, 584-85 (7th Cir.

2006). A medical need may be serious if it is life threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering, significantly affects an individual's daily activities, *Gutierrez v. Peters*, 111 F.3d 1364, 1371-73 (7th Cir. 1997), or otherwise subjects the prisoner to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). For a defendant to be deliberately indifferent to such a need, he or she must know of the need and disregard it. *Id*. at 834. Plaintiff alleges that the provision of cyclobenzaprine put him into a coma-like state because of his pre-existing liver conditions. I conclude that this is sufficient to show a serious medical need on his part. But I conclude that plaintiff fails to adequately explain why any of the defendants acted with deliberate indifference toward this need.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994).

Plaintiff's allegations do not comply with Rule 8. For instance, plaintiff alleges that defendant Bentley gave him the medication and should have known that it would cause him medical problems because of his liver disease. But those allegations can only be reasonably interpreted as a claim that Bentley was negligent in treating plaintiff, not that she acted with deliberate indifference. *See, e.g., Farmer*, 511 U.S. at 835 (plaintiff must demonstrate more than mere negligence by defendant to maintain an Eighth Amendment claim); *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("[T]he Eighth Amendment is not a vehicle for bringing claims for medical malpractice."). Plaintiff also seems to be saying that defendants

3

Wall (the former DOC secretary), Pugh (the warden), and Anderson (a nurse) are liable because they supervised Bentley and failed to adequately train her, but he does not provide any allegations explaining what any of these defendants did that shows that they were deliberately indifferent to the health of prisoners. It is also unlikely that non-medical personnel Wall and Pugh could be liable for the medical decisions of nurses or nurse practitioners.

While it appears that plaintiff is, at most, bringing state law claims for medical negligence that cannot be heard by themselves in this court, I will give plaintiff an opportunity to amend his complaint to explain why he believes defendants have violated the Eighth Amendment. He should draft his amended complaint as if he were telling a story to people who know nothing about his situation, in particular explaining why he believes each of the defendants acted with deliberate indifference toward him.

ORDER

IT IS ORDERED that:

1. Plaintiff Michael R. Yealey's complaint is DISMISSED.

2. Plaintiff may have until July 29, 2016, to submit a proposed amended complaint more clearly detailing his claims as discussed above. If plaintiff submits a proposed amended complaint as required by this order, I will take that complaint under advisement for screening. If plaintiff fails to respond to this order by the deadline, I will dismiss this case for plaintiff's failure to raise any federal claims.

Entered July 8, 2016.

                                    BY THE COURT:
                                    /s/

                                    _____
                                    JAMES D. PETERSON
                                    District Judge