IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL R. YEALEY,

                Plaintiff,

v.                                                    ORDER

EDWARD WALL, RENE ANDERSON,           16-cv-63-jdp
JEFF PUGH and N.P. BENTLEY,

                Defendants.

---

Plaintiff Michael R. Yealey, appearing pro se, filed this civil action alleging that defendant prison officials violated his Eighth Amendment right against cruel and unusual punishment by giving him medication that was contraindicated for a person with liver problems. I screened the case and concluded that plaintiff's complaint did not comply with Federal Rule of Civil Procure 8. Dkt. 11. I gave plaintiff an opportunity to amend the complaint to better explain his claims, but I indicated that if plaintiff failed to respond, I would dismiss his case. *Id.*

Plaintiff did not respond to the order. Instead, the order sent to plaintiff was returned "Addressee Unknown." Dkt. 12. The clerk of court contacted the records department at the Wisconsin Department of Corrections and was informed that plaintiff was no longer in the state's custody and that he has no forwarding address.

It is not the obligation of either this court or the clerk's office to search for litigants. Rather, it is the litigant's responsibility to advise the court of any change to his contact information. *See Casimir v. Sunrise Fin., Inc.*, 299 F. App'x 591, 593 (7th Cir. 2008) (affirming denial of Rule 60(b) motion where movants claimed they did not receive notice of summary judgment due to house fire, adding that "all litigants, including pro se litigants, are

responsible for maintaining communication with the court"); *see also Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit."). Plaintiff has failed to provide the court with a current address, and it appears that, as a result, he has not received the July 8, 2016, order. Accordingly, this case will be dismissed without prejudice for plaintiff's failure to prosecute it.

ORDER

IT IS ORDERED that this case is DISMISSED without prejudice for plaintiff's failure to prosecute it. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered August 30, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge